IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br>　　　　*Plaintiff,*<br><br>v.<br><br>LZLABS GMBH,  TEXAS<br>WORMHOLE, LLC,<br>　　　　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | W-22-CV-00299-DAE |

## ORDER

Before the Court is LzLabs's Motion to Compel the Rule 30(b)(6) Deposition of IBM's Corporate Representative on Trade Secret Issues (ECF No. 122) and Plaintiff IBM's Cross-Motion Pursuant to Rule 26(c) for Protection Against Designating a Corporate Representative Pursuant to Defendants' Rule 30(b)(6) Notice of Deposition (ECF No. 124). After careful consideration of the briefs, arguments of counsel, and applicable law, the Court **GRANTS** Defendant's Motion to Compel (ECF No. 122) and **DENIES** Plaintiff's Cross-Motion for Protection (ECF No. 124).

Plaintiff International Business Machines Corporation filed the present suit on March 21, 2022 accusing Defendants LzLabs, GmbH and Texas Wormhole, LLC of having misappropriated Plaintiff's trade secrets under state and federal law—in addition to other causes of action. ECF No. 1. After fact discovery opened, Defendant LzLabs served a deposition notice under Federal Rules of Civil Procedure, Rule 30(b)(6) seeking the deposition of a corporate representative of Plaintiff on twelve topics. ECF No. 122-1. In response, Plaintiff served objections and refused to present a witness on any of the topics under various objections. ECF 122-2. As a result, Defendant LzLabs filed a Motion to Compel requesting that the Court overrule Plaintiff's objections and order it to produce one or more witnesses to testify on the topics included in LzLabs's Rule 30(b)(6)

deposition notice. ECF No. 122. Plaintiff responded to the motion to compel and asserted a cross-motion for a protective order asking this Court to deny Defendant LzLabs' motion and grant Plaintiff's motion for a protective order. ECF No. 124. On March 6, 2023, the undersigned heard argument on the competing motions.

After considering the pleadings, the cases cited therein, and the arguments of counsel, the Court **GRANTS** the Motion to Compel (ECF No. 122) and **DENIES** the Cross-Motion for Protective Order (ECF No. 124).

This motion involves a common problem in trade secret cases—does the plaintiff have to specifically identify its trade secrets before the defendant discloses information that might demonstrate all of the trade secrets misappropriated. Defendant LzLabs contends that it should be allowed to conduct discovery into the factual basis of Plaintiff's misappropriation of trade secret claims so that it can properly prepare a defense of the case. *See* ECF No. 122 at 4–5[1]. Plaintiff however claimed Defendant LzLabs' notice was unduly burdensome, called for legal conclusions, and would require the designation of an expert before the current scheduling order requires. ECF No. 124. Plaintiff also claimed that providing a deposition at this stage—before Defendant LzLabs had produced sufficient documents—would place it in a Catch-22 of identifying its trade secrets too broadly and covering things that are not trade secrets or identifying its secrets too narrowly and omitting wrongful conduct. *Id*. at 8. Plaintiff contends that Defendant LzLabs should be required to use contention interrogatories at this stage and hold off on a Rule 30(b)(6) deposition until after experts have been disclosed. *Id*. at 5 (offering to designate a witness at the appropriate time and to answer interrogatories.).

---

[1] References to page numbers are to those contained in the CM/ECF header stamped on the filed document.

The Federal Rules of Civil Procedure provide for broad discovery to be conducted how a party sees fit. Rule 26 allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." F.R.C.P. 26(b). A party is generally free to select the method of seeking discovery it deems most appropriate. *Id*. at 26(d)(3). A court can, however, limit the discovery if it finds that the discovery "can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Id*. at (b)(2)(C)(i).

There is no dispute that Defendant LzLabs choice of a 30(b)(6) deposition is proper, and the only question is whether it is unduly burdensome. Plaintiff argues that a 30(b)(6) seeking its facts underlying its allegations is unduly burdensome because it could be more-easily answered via a contention interrogatory. ECF No. 124 at 10–11. Plaintiff's assertion of burden relies primarily on attorney argument aimed at fairness and is devoid an evidence demonstrating the time or expense that would be involved in preparing a witness to testify on the noticed topics. *See Id*. Defendant LzLabs on the other hand has affirmatively stated that it is only seeking the factual bases underlying Plaintiff's suit and not privileged information. ECF 122 at 9–12 ("IBM's attorneys can object at the deposition that a question calls for the disclosure of privileged information."). Defendant LzLabs' counsel acknowledge at the hearing that the 30(b)(6) notice was not seeking legal advice, expert testimony, or attempting to exclude Plaintiff from asserting additional factual bases that are uncovered during fact discovery. The Court therefore finds that Plaintiff has failed to prove the 30(b)(6) is unduly burdensome.

Plaintiff relies on a case from the Northern District of California for support, but that case is factually distinguishable because it involved the invalidity of a patent, the scope of waiver of the attorney client privilege, and a 30(b)(6) deposition that sought "the bases for the contentions

made and for the positions taken (including all affirmative defenses) by [the party]." *McCormick-Morgan, Inc. v. Teledyne Indus.*, 134 F.R.D. 275, 286-87 (N.D. Cal.), *rev'd on other grounds*, 765 F. Supp. 611 (N.D. Cal. 1991). Such a broad 30(b)(6) is a far cry from the deposition sought in this case. Rather, the Court finds the cases cited by Defendant LzLabs to be more applicable. *See Malibu Consulting Corp. v. Funair Corp.*, No. SA-06-CA-0735 XR, 2007 WL 3995913, at *1 (Nov. 14, 2007 W.D. Tex.) ("I agree with the line of cases which holds that a Rule 30(b)(6) deposition which seeks information concerning the factual support for allegations found in the complaint, which would be discoverable through contention interrogatories, is outside the protection of the work-product doctrine and is permissible."); *see also Babcock Power, Inc. v. Kapsalis*, No. 3:13-cv-717-CRS-CHL, 2016 WL 6804909, *2 (W.D. Ky. Nov. 16, 2016) ("After reviewing the second 30(b)(6) notice . . . the Court finds that the topics are limited to and stem from the identification of trade secrets by plaintiffs and are therefore proper.")

Accordingly the Court hereby GRANTS Defendant LzLabs' Motion to Compel (ECF No. 122) and DENIES Plaintiff's Cross-Motion for Protective Order (ECF No. 124).

With regard to Plaintiff's objections to each specific deposition topic, the Court holds as follows:

- For Topics 1-3 And 8-12, Plaintiffs general objections are overruled and Plaintiff is Ordered to designate and present a witness to testify on the factual bases of these topics within four weeks of the date of this Order. Plaintiff's specific objections based on privilege can be asserted in response to specific questions posed during the deposition.

- For Topics 4-6, Plaintiffs general objections are overruled and Plaintiff is Ordered to designate and present a witness to testify on the factual bases of these topics within four

weeks of the date of this Order. Plaintiff's specific objections based on privilege can be asserted in response to specific questions posed during the deposition.

- For Topics 7 And 13, Plaintiffs general objections are overruled and Plaintiff is Ordered to designate and present a witness to testify on the factual bases of these topics within four weeks of the date of this Order. Plaintiff's specific objections based on privilege can be asserted in response to specific questions posed during the deposition.

Plaintiff is only required to present a witness to testify to factual matters. Nothing in this Order alters Plaintiff's deadline to designate expert witnesses, and Plaintiff is not required to present expert opinions or state its legal bases in response to any questions posed. Further, nothing in this Order prevents Plaintiff from supplementing its causes of action or factual bases as additional information is uncovered during discovery. Defendant LzLabs has been cautioned against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics.

SIGNED this 6th day of March, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE