# EXHIBIT 14

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>LZLABS GMBH, and TEXAS WORMHOLE, LLC,<br><br>    Defendants. | Civil Action No. 6:22-cv-00299<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF IBM'S OBJECTIONS AND RESPONSES TO DEFENDANT LZLABS GMBH'S NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure (the "Federal Rules"), the Local Rules for the United States District Court for the Western District of Texas (the "Local Rules"), and the applicable Standing Orders, Plaintiff International Business Machines Corporation ("Plaintiff" or "IBM"), by and through undersigned counsel, makes the following objections and responses to Defendant LzLabs GmbH's ("LzLabs") Rule 30(b)(6) Notice of Deposition to IBM.  IBM reserves the right to supplement or amend these objections and responses to the extent allowed by the Federal Rules, the Local Rules, or any other rule.

## GENERAL OBJECTIONS

IBM makes the following general objections to LzLabs' Rule 30(b)(6) Notice, which apply to each Topic regardless of whether the general objections are expressly incorporated into the specific objections and responses below.

1.     IBM objects to each Topic and Definition to the extent they call for information that is protected from discovery by the attorney-client privilege, work product doctrine, joint

defense/common interest privilege, or that is otherwise protected from disclosure under the Federal Rules, the Local Rules, the Federal Rules of Evidence, any applicable orders of this Court, and/or relevant statutory or case law.  Inadvertent production of any such information shall not be deemed a waiver of privilege or immunity.

2.     IBM objects to each Topic and Definition to the extent it seeks to impose any requirements or obligations in addition to or different from those set forth in the Federal Rules, the Local Rules, any applicable orders of this Court, or any stipulation or agreement of the parties.

3.     IBM objects to each Topic and Definition to the extent it requests IBM to produce or analyze documents or other information that is not within the possession, custody, or control of IBM, or to prepare any document or other information that does not already exist.

4.     IBM objects to each Topic and Definition to the extent it calls for a legal conclusion, or premature disclosure of expert opinions.

5.     IBM objects to each Topic as premature to the extent it calls for information (*e.g.*, expert opinions) in advance of any date or phase for provision of such information in this action, including those set forth in any applicable scheduling orders of this Court.

6.     IBM objects to each Topic to the extent it calls for confidential and/or proprietary information of any individual or entity other than IBM.

7.     IBM objects to each Topic as overbroad, unduly burdensome, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to discovery of admissible evidence, to the extent it calls for information beyond the relevant temporal and/or geographic scope of this matter.

8.     IBM objects to each Topic to the extent it calls for information that is in the public domain and, therefore, of no greater burden for LzLabs than IBM to obtain.

2

9.      IBM objects to LzLabs' definition of "IBM", "You", and "Your" to the extent such definitions include any entities other than International Business Machines Corporation.

10.     IBM objects to LzLabs' definition of "Purported Trade Secret" as impermissibly calling for a legal conclusion, impermissibly seeking expert discovery, and impermissibly seeking IBM's contentions in this case.  *See* General Objection No. 4.

11.     IBM objects to LzLabs' definition of "Document" to the extent it extends beyond the meaning of that term in the Federal Rules or the Local Rules.

12.     IBM objects to each Topic as vague/or ambiguous with respect to the terms "awareness," "knowledge," and "understanding," to the extent it includes any such term.

13.     IBM's investigation in connection with this case is continuing.  As a result, IBM's objections and responses are limited to information obtained and reviewed to date and are given without prejudice to IBM's right to amend or supplement the objections and responses as discovery and IBM's investigation in this case proceed.

## SPECIFIC OBJECTIONS AND RESPONSES

### TOPIC NO. 1:

All efforts You undertook, or which were undertaken by a Third Party on Your behalf, to investigate LzLabs, Wormhole, Winsopia, and/or the SDM before March 21, 2022, and any knowledge You gained as a result of each such effort.

### RESPONSE TO TOPIC NO. 1:

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as overly broad, unduly burdensome, and not proportional to the

needs of the case to the extent it seeks an identification of "all efforts" undertaken to investigate LzLabs, Wormhole, Winsopia, and/or the SDM and a further identification of "any knowledge" "gained as a result of each such effort."  IBM further objects to this Topic as an improper attempt by Defendants to contravene this Court's order by taking a second Rule 30(b)(6) deposition on the same or reasonably similar topics to the April 4, 2023 Rule 30(b)(6) deposition of Mark Anzani. Dkt. 133 at 5 ("Defendants has been cautioned against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics.").

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will not designate a witness for this Topic as it is duplicative of one or more topics in LzLabs' first 30(b)(6) notice (*e.g.*, Topic 4) and contravenes the Court's "caution[] against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics." Dkt. 133 at 5.

**<u>TOPIC NO. 2:</u>**

The facts and circumstances concerning when You first documented Your belief that each Purported Trade Secret is a trade secret, including the identity and content of such documentation.

**<u>RESPONSE TO TOPIC NO. 2:</u>**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as seeking legal conclusions regarding "each Purported Trade Secret."  IBM further objects to this Topic as seeking expert discovery from IBM in advance of the deadlines specified in the scheduling order.  IBM further objects to this Topic as an improper attempt by Defendants to contravene this Court's order by taking a second Rule 30(b)(6)

deposition on the same or reasonably similar topics to the April 4, 2023 Rule 30(b)(6) deposition of Mark Anzani.  Dkt. 133 at 5 ("Defendants has been cautioned against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics.").

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will not designate a witness for this Topic as it is duplicative of one or more topics in LzLabs' first 30(b)(6) notice (*e.g.*, Topic 2) and contravenes the Court's "caution[] against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics." Dkt. 133 at 5.

**TOPIC NO. 3:**

The facts and circumstances concerning the LzLabs Special Project, including without limitation:

a. The dates the LzLabs Special Project began and ended;

b. The reason(s) the LzLabs Special Project was created or initiated;

c. The subject-matter scope of the LzLabs Special Project and any changes to the same;

d. The yearly budget allocated to the LzLabs Special Project and any changes to the same;

e. The Persons responsible for determining the yearly budget allocated to the LzLabs Special Project and any changes to the same;

f. The Persons who performed work in connection with the LzLabs Special Project;

g. For each Person who performed work in connection with the LzLabs Special Project, their responsibilities and the tasks they performed in connection with the LzLabs Special Project, including the dates on which they performed those tasks;

h. The amount of time spent by each Person in connection with the LzLabs Special Project;

     i.    The compensation paid to each Person for their work on the LzLabs Special Project; and

    j.    All other expenses incurred in connection with the LzLabs Special Project, including the reason(s) for the expense.

## RESPONSE TO TOPIC NO. 3:

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity.  IBM further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks an identification of "each Person who performed work in connection with the LzLabs Special Project" and the "[t]he amount of time spent by each Person."  IBM further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks facts and circumstances regarding "[a]ll other expenses" and a further identification of "the reason(s)" for those expenses.  IBM further objects to this Topic as an improper attempt by Defendants to contravene this Court's order by taking a second Rule 30(b)(6) deposition on the same or reasonably similar topics to the April 4, 2023 Rule 30(b)(6) deposition of Mark Anzani.  Dkt. 133 at 5 ("Defendants has been cautioned against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics.").

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will not designate a witness for this Topic as it is duplicative of one or more topics in LzLabs' first 30(b)(6) notice (*e.g.*, Topic 4) and contravenes the Court's "caution[] against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics." Dkt. 133 at 5.

## TOPIC NO. 4:

Your knowledge of all files, reports, memoranda, research, summaries, notes, analyses,

comparisons, and/or compilations that were created in the course of the LzLabs Special Project, including drafts, amendments, edits, updates, and/or modifications to the same.

## RESPONSE TO TOPIC NO. 4:

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as seeking information outside of IBM's possession, custody or control.  IBM further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks discovery regarding "all files, reports, memoranda, research, summaries, notes, analyses, comparisons, and/or compilations were created in the course of the LzLabs Special Project" and a further identification of "drafts, amendments, edits, updates, and/or modifications" of those documents, notwithstanding, *e.g.*, how attenuated a document's relation may be to the issues in the case.  IBM further objects to this Topic as an improper attempt by Defendants to contravene this Court's order by taking a second Rule 30(b)(6) deposition on the same or reasonably similar topics to the April 4, 2023 Rule 30(b)(6) deposition of Mark Anzani.  Dkt. 133 at 5 ("Defendants has been cautioned against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics.").

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will not designate a witness for this Topic as it is duplicative of one or more topics in LzLabs' first 30(b)(6) notice (*e.g.*, Topic 4) and contravenes the Court's "caution[] against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics." Dkt. 133 at 5.

## TOPIC NO. 5:

Your interactions and communications with Robert Soprano, including all notes and memoranda concerning such interactions and communications.

**RESPONSE TO TOPIC NO. 5:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this request as overly broad, unduly burdensome, and oppressive to the extent that it seeks information and "all notes and memoranda" from an unspecified and irrelevant timeframe.  IBM further objects to this Topic as vague and/or ambiguous with respect to the term "interactions."  IBM further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks an identification of "all notes and memoranda concerning such interactions and communications," including those documents information outside of IBM's possession, custody or control.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged information related to IBM's communications with Robert Soprano that relate to Defendants or Winsopia.

**TOPIC NO. 6:**

Your participation in SAGE and the lobbying/advocacy efforts in which You engaged in connection with the Software Directive.

**RESPONSE TO TOPIC NO. 6:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client

privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as seeking legal conclusions concerning the Software Directive.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:   IBM is willing to meet and confer about this topic.

**TOPIC NO. 7:**

Your understanding of and efforts related to The Software Directive, including:

a.  Your understanding of its meaning and the complete factual basis for Your contentions, if any, regarding its applicability to IBM's claims;

b.  Your knowledge of internal communications, discussions, or analyses regarding the Software Directive, including their substance and the participants or authors (as applicable); and

c.  Your awareness of the Software Directive, including the dates on which You became aware of its proposal, adoption, and implementation in the United Kingdom and any actions or measures taken by You in response to its implementation.

**RESPONSE TO TOPIC NO. 7:**

IBM incorporates by reference its General Objections as if fully set forth herein.   IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as vague and/or ambiguous with respect to its request for an identification of "efforts related to the Software Directive."   IBM further objects to this Topic's request for testimony about "knowledge of internal communications, discussions, or analyses regarding the Software Directive" as unduly burdensome and not proportional to the needs of the case.   IBM further objects to this Topic as seeking legal conclusions and expert opinions to the

extent it requests IBM to explain its "understanding of its meaning" and the "applicability" of the Software Directive "to IBM's claims," and to the extent it refers to "analyses regarding the Software Directive." IBM also objects to this Topic to the extent LzLabs seeks to shift the burden of proof on its asserted defenses that rely on the Software Directive to IBM.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged, factual information related to IBM's awareness of the Software Directive.  IBM will not designate a witness for this Topic to testify about any understanding or meaning of, legal conclusions about, or contentions related to the terms of the Software Directive.

**TOPIC NO. 8:**

Your diligence and investigation concerning LzLabs, Wormhole, and/or Winsopia prior to IBM UK executing an IBM Customer Agreement ("ICA") with Winsopia, including Your compliance with any of Your policies or processes prior to the execution of the ICA.

**RESPONSE TO TOPIC NO. 8:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged information related to IBM's diligence and investigation concerning LzLabs, Wormhole, and/or Winsopia prior to the Winsopia's execution of an IBM Customer Agreement.

**TOPIC NO. 9:**

Your understanding of the terms of the August 15, 2013 IBM Customer Agreement between Winsopia and IBM UK and of the circumstances surrounding the formation and termination of the ICA.

**RESPONSE TO TOPIC NO. 9:**

IBM incorporates by reference its General Objections as if fully set forth herein. IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as seeking legal conclusions to the extent it seeks IBM's "understanding of the terms" of the August 15, 2013 IBM Customer Agreement between Winsopia and IBM UK.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows: IBM will designate one or more witnesses at a reasonable level of detail to testify as to non-privileged, factual information related to the August 15, 2013 IBM Customer Agreement between Winsopia and IBM UK. IBM will not designate a witness for this Topic to testify about any understanding or meaning of, legal conclusions about, or contentions related to the terms of the August 15, 2013 IBM Customer Agreement between Winsopia and IBM UK.

**TOPIC NO. 10:**

The facts and circumstances concerning analyses that You performed, or which were performed by a Third Party on Your behalf, of IBM's Mainframe System prior to March 21, 2022, to attempt to understand any aspect of the SDM.

**RESPONSE TO TOPIC NO. 10:**

IBM incorporates by reference its General Objections as if fully set forth herein. IBM further objects to this Topic to the extent it seeks information protected by the attorney-client

11

privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as an improper attempt by Defendants to contravene this Court's order by taking a second Rule 30(b)(6) deposition on the same or reasonably similar topics to the April 4, 2023 Rule 30(b)(6) deposition of Mark Anzani.  Dkt. 133 at 5 ("Defendants has been cautioned against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics.").

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will not designate a witness for this Topic as it is duplicative of one or more topics in LzLabs' first 30(b)(6) notice (*e.g.*, Topic 4) and contravenes the Court's "caution[] against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics." Dkt. 133 at 5.

**TOPIC NO. 11:**

The factual basis, if any, for your contention that You first began to anticipate litigation relating to LzLabs, Wormhole, Winsopia, and/or the SDM in September 2020.

**RESPONSE TO TOPIC NO. 11:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as seeking legal conclusions to the extent it refers to IBM's "contention that [IBM] first began to anticipate litigation relating to LzLabs, Wormhole, Winsopia, and/or the SDM in September 2020."

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will not designate a witness for this Topic as it is duplicative of one or

more topics in LzLabs' first 30(b)(6) notice (*e.g.*, Topic 4) and contravenes the Court's "caution[]

against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics."

Dkt. 133 at 5.

**TOPIC NO. 12:**

The facts and circumstances concerning Your communications with Third Parties

regarding LzLabs, Wormhole, Winsopia, and/or the SDM prior to March 21, 2022.

**RESPONSE TO TOPIC NO. 12:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM

further objects to this Topic to the extent it seeks information protected by the attorney-client

privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity.

Subject to and without waiver of the foregoing general and specific objections, IBM

responds as follows:  IBM will not designate a witness for this Topic as it is duplicative of one or

more topics in LzLabs' first 30(b)(6) notice (*e.g.*, Topic 4) and contravenes the Court's "caution[]

against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics."

**TOPIC NO. 13:**

The facts and circumstances concerning Your communications with LzLabs, Wormhole,

and/or Winsopia prior to March 21, 2022.

**RESPONSE TO TOPIC NO. 13:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM

further objects to this Topic to the extent it seeks information protected by the attorney-client

privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity.

IBM further objects to this Topic to the extent it calls for information that is within LzLabs'

possession, custody or control and, therefore, of no greater burden for LzLabs than IBM to obtain.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows: IBM will not designate a witness for this Topic as it is duplicative of one or more topics in LzLabs' first 30(b)(6) notice (*e.g.*, Topic 4) and contravenes the Court's "caution[] against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics."

**TOPIC NO. 14:**

The facts and circumstances or the factual bases for Your contentions regarding the conception, development, constructive reduction to practice, and actual reduction to practice of each of the Asserted Claims, including dates of each such event, Persons involved, and all documentation concerning same.

**RESPONSE TO TOPIC NO. 14:**

IBM incorporates by reference its General Objections as if fully set forth herein. IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as seeking legal conclusions regarding the "conception," "development," "constructive reduction to practice," and "actual reduction to practice of each of the Asserted Claims." IBM further objects to this Topic as seeking expert discovery from IBM in advance of the deadlines specified in the scheduling order. IBM further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks an identification of "each such event, Persons involved" and a further identification of "all documentation concerning the same." IBM further objects to this Topic to the extent it seeks information that is not in IBM's possession, custody, or control, including but not limited to information regarding the conception, development, constructive reduction to practice, and actual reduction to practice of the claims of any patents that were not assigned to IBM until after their

14

issuance.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged, factual information related to the conception, development, constructive reduction to practice, and actual reduction to practice of each of the Asserted Claims to the extent such information is within IBM's possession, custody, and control.  IBM will not designate a witness for this Topic to testify about contentions or the legal consequences of any factual information.

## TOPIC NO. 15:

The factual bases for Your response to Interrogatory No. 3.

## RESPONSE TO TOPIC NO. 15:

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as seeking legal conclusions regarding the conception and reduction to practice of each Asserted Claim.  *See* Plaintiff's Supplemental Objections and Responses to Defendant LzLabs' First Set of Interrogatories to Plaintiff (Nos. 1-5).  IBM further objects to this Topic as seeking expert discovery from IBM in advance of the deadlines specified in the scheduling order. IBM further objects to this Topic to the extent it seeks information that is not in IBM's possession, custody, or control, including but not limited to information regarding the conception, development, constructive reduction to practice, and actual reduction to practice of the claims of any patents that were not assigned to IBM until after their issuance.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged, factual information related to IBM's response to LzLabs' Interrogatory No. 3 to the extent such information is within IBM's possession, custody, and control.  IBM will not designate a witness for this Topic to testify about contentions or the legal consequences of any factual information.

**TOPIC NO. 16:**

The facts and circumstances or the factual bases for Your contentions regarding the subject matter disclosed, and alleged invention(s) claimed, in the Asserted Patents.

**RESPONSE TO TOPIC NO. 16:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as seeking legal conclusions regarding the "subject matter disclosed" and invention(s) claimed" in the Asserted Patents.  IBM further objects to this Topic as seeking expert discovery from IBM in advance of the deadlines specified in the scheduling order. IBM further objects to this Topic as vague and/or ambiguous in its entirety.  IBM further objects to this Topic to the extent it seeks information that is not in IBM's possession, custody, or control, including but not limited to information regarding the conception, development, constructive reduction to practice, and actual reduction to practice of the claims of any patents that were not assigned to IBM until after their issuance.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM is willing to meet and confer regarding this topic.

16

**TOPIC NO. 17:**

Your knowledge and understanding, including the purpose, of the nomenclature You use, and have used, over time for Your documentation that relates to one or more of the Purported Trade Secrets, including documents identified with prefixes LY (e.g., LY28-6424-1), GY (e.g., GY28-6800-1), SC (e.g., SC33-0025), GC (e.g., GC34-6902), SY (e.g., SY33-8555), SA (e.g., SA38-0687-30), SH (e.g., SH20-1047-4), GH (e.g., GH20-1028-3), LC (e.g., LC33-0517-0), and GA (e.g., GA32-0905-30).

**RESPONSE TO TOPIC NO. 17:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this request as overly broad, unduly burdensome, and oppressive to the extent that it seeks information from an unspecified and irrelevant timeframe.  IBM further objects to this Topic to the extent it suggests or requires legal conclusions about whether certain documentation necessarily relates to one or more trade secrets.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM is willing to meet and confer regarding this topic.

**TOPIC NO. 18:**

The facts and circumstances, including the purpose concerning Your publishing IBM publications, including publications distributed to the public, to Licensees, and/or via an IBM website, whether from the IBM Publications Center (see, e.g., IBMLZTX0025019) or otherwise, that relate to COBOL, PL/1, CICS, z/OS, IMS, and Db2.

**RESPONSE TO TOPIC NO. 18:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity.  IBM further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged information related to IBM publications concerning COBOL, PL/1, CICS, z/OS, IMS, and Db2 to the public, to Licensees, and/or via an IBM website, to the extent any such publication exists.

**TOPIC NO. 19:**

Your awareness of any item identified in Your Second Amended Preliminary Identification of Trade Secrets that was made known or available to any Person other than IBM employees or IBM customers.

**RESPONSE TO TOPIC NO. 19:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity.  IBM further objects to this Topic as seeking legal conclusions regarding disclosure of IBM's trade secrets to any Person other than IBM employees or IBM customers.  IBM further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks facts regarding the disclosure by IBM of any trade secret to "any Person" notwithstanding, *e.g.*, whether IBM's trade secrets could permissibly be ascertained by any such

Person.  IBM further objects to this Topic as an improper attempt by Defendants to contravene this Court's order by taking a second Rule 30(b)(6) deposition on the same or reasonably similar topics to the April 4, 2023 Rule 30(b)(6) deposition of Mark Anzani.  Dkt. 133 at 5 ("Defendants has been cautioned against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics.").

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will not designate a witness for this Topic as it is duplicative of one or more topics in LzLabs' first 30(b)(6) notice (*e.g.*, Topic 8) and contravenes the Court's "caution[] against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics." Dkt. 133 at 5.

**<u>TOPIC NO. 20:</u>**

The facts and circumstances, including the content, concerning the following categories of external trainings, courses, or presentations given or hosted by IBM that relate to or disclose aspects of the items identified in Your Second Amended Preliminary Identification of Trade Secrets or any of Your responses to Interrogatory Nos. 11-13:

    a.  Presentations and trainings given to Third Parties, including customers (see, e.g., IBMLZTX0020945);

    b.  Conference presentations, whether hosted by IBM or Third Party organizations (such as, SHARE) (see, e.g., IBMLZTX0028862, IBMLZTX0038795, IBMLZTX0089261, IBMLZTX0037529);

    c.  Trainings by IBM training partners, including Interskill Learning, Evans Group, LearnQuest, Arrow, Global Knowledge, Avenet, Ingram Micro, ProTechg, and Mentor Services;

    d.   Courses provided through the IBM Academic Initiative;

    e.   The "IMS Diagnostic Approaches" course (see IBMLZTX0002151);

    f.   IBM beta or early access programs (*see, e.g.*, IBMLZTX0026552); and

    g.   Hands-on labs or seminars (*see, e.g.*, IBMLZTX0031524).

**RESPONSE TO TOPIC NO. 20:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity.  IBM further objects to this Topic as seeking legal conclusions regarding disclosure of IBM's trade secrets.  IBM further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks an identification of "the content" of "external trainings, courses, or presentations" notwithstanding, *e.g.,* whether such documents have been produced.  IBM further objects to this Topic as an improper attempt by Defendants to contravene this Court's order by taking a second Rule 30(b)(6) deposition on the same or reasonably similar topics to the April 4, 2023 Rule 30(b)(6) deposition of Mark Anzani.  Dkt. 133 at 5 ("Defendants has been cautioned against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics.").

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will not designate a witness for this Topic as it is duplicative of one or more topics in LzLabs' first 30(b)(6) notice (*e.g.*, Topic 8) and contravenes the Court's "caution[] against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics." Dkt. 133 at 5.

**TOPIC NO. 21:**

Your awareness, knowledge, and understanding of the following tools, utilities, or techniques, IBM documentation concerning the same, and the information that the same provide:

    a.  the IBM Debug Tool for z/OS;

    b.  LangX, including LangX COBOL programs;

    c.  CICS Explorer;

    d.  the IBM Fault Analyzer for z/OS;

    e.  High Assembler ("HLASM")

    f.  Generalized Trace Facility ("GTF");

    g.  AMBLIST;

    h.  Interactive Problem Control System ("IPCS");

    i.  Dumps and traces;

    j.  Debugging tools and techniques for COBOL, PL/1, CICS, and assembler programs as described in "Language Environment for z/VSE Debugging Guide and Run-Time Messages," IBM document SC33-6681-12; and

    k.  Third Party debugging tools and utilities used with the S/390 and Z series mainframes, including z/XDC.

**RESPONSE TO TOPIC NO. 21:**

IBM incorporates by reference its General Objections as if fully set forth herein. IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this request as vague, ambiguous, overly broad, oppressive, and failing to identify with any real particularity the information sought. IBM further objects to this topic to the extent it seeks information about third-party tools, utilities, or techniques, including information

that is in the public domain and, therefore, of no greater burden for LzLabs than IBM to obtain. IBM further objects to this Topic to the extent it calls for information that is within LzLabs' possession, custody or control and, therefore, of no greater burden for LzLabs than IBM to obtain.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged information related to the purpose and intended use of the identified tools, utilities, or techniques to the extent that they were developed and/or provided by IBM, IBM's documentation regarding any such tools, utilities, or techniques that were developed and/or provided by IBM, and the reason that IBM makes available any such tools, utilities, or techniques. For clarity, IBM will not provide a witness to testify about the purpose or intended use of any third-party tools.

**TOPIC NO. 22:**

Your awareness and knowledge of all actual and common uses by You or Third Parties of the tools described in Topic 21.

**RESPONSE TO TOPIC NO. 22:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as vague and/or ambiguous with respect to the term "all actual and common uses." IBM further objects to this request as vague, ambiguous, overly broad, oppressive, and failing to identify with any real particularity the information sought.  IBM further objects to this Topic as seeking information outside of IBM's possession, custody or control, to the extent it calls for "all actual and common uses" by Third Parties.  IBM further objects to this

Topic to the extent it calls for information that is in the public domain and, therefore, of no greater burden for LzLabs than IBM to obtain.  IBM further objects to this Topic to the extent it calls for information that is within LzLabs' possession, custody or control and, therefore, of no greater burden for LzLabs than IBM to obtain.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged information related to the intended use of the tools, utilities, and techniques identified in Topic 21, to the extent those tools, utilities and techniques were developed and/or provided by IBM.

**TOPIC NO. 23:**

The complete factual basis for Your contention, if any, that each Purported Trade Secret cannot be ascertained using one or more of the tools identified in Topic 21.

**RESPONSE TO TOPIC NO. 23:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as seeking legal conclusions regarding whether "each Purported Trade Secret cannot be ascertained using" "the tools identified in Topic 21."  IBM further objects to this Topic as an improper attempt by Defendants to contravene this Court's order by taking a second Rule 30(b)(6) deposition on the same or reasonably similar topics to the April 4, 2023 Rule 30(b)(6) deposition of Mark Anzani.  Dkt. 133 at 5 ("Defendants has been cautioned against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics.").

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will not designate a witness for this Topic as it is duplicative of one or more topics in LzLabs' first 30(b)(6) notice (*e.g.*, Topic 10) and contravenes the Court's "caution[] against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics." Dkt. 133 at 5.

**TOPIC NO. 24:**

Your contentions regarding the independent economic value derived from the information not being generally known of each item identified in Your Second Amended Preliminary Identification of Trade Secrets.

**RESPONSE TO TOPIC NO. 24:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM objects to this Topic as seeking legal conclusions "regarding the independent economic value" of IBM's Trade Secrets.  IBM further objects to this Topic as seeking expert discovery from IBM in advance of the deadlines specified in the scheduling order.  IBM further objects to this Topic as an improper attempt by Defendants to contravene this Court's order by taking a second Rule 30(b)(6) deposition on the same or reasonably similar topics to the April 4, 2023 Rule 30(b)(6) deposition of Mark Anzani.  Dkt. 133 at 5 ("Defendants has been cautioned against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics.").

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will not designate a witness for this Topic as it is duplicative of one or more topics in LzLabs' first 30(b)(6) notice (*e.g.*, Topic 12) and contravenes the Court's "caution[]

against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics."

Dkt. 133 at 5.

**TOPIC NO. 25:**

Your understanding of the terms and conditions of the CICS Architecture Forum Member Agreement (IBMLZTX0032330), including the purpose of including such terms and conditions, and information provided to Members under that agreement.

**RESPONSE TO TOPIC NO. 25:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM objects to this Topic as seeking legal conclusions or expert testimony regarding "understanding of the terms and conditions," "purpose of including such terms and conditions," and disclosure of IBM's trade secrets through "information provided to Members" under the CICS Architecture Forum Member Agreement (IBMLZTX0032330).

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged, factual information related to the terms and conditions of the CICS Architecture Forum Member Agreement (IBMLZTX0032330).  IBM will not designate a witness for this Topic to testify about any understanding or meaning of, legal conclusions about, or contentions related to the terms of the CICS Architecture Forum Member Agreement (IBMLZTX0032330).

**TOPIC NO. 26:**

Your awareness of any and all LzLabs's commercial advertisements or promotions that You contend are objectively false and the factual basis, if any, for Your contention that any statements therein are objectively false.

**RESPONSE TO TOPIC NO. 26:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM objects to this Topic as seeking legal conclusions regarding whether "LzLabs's commercial advertisements or promotions . . . are objectively false."  IBM further objects to this Topic as seeking expert discovery from IBM in advance of the deadlines specified in the scheduling order. IBM further objects to the extent that this Topic seeks information not in the possession of IBM.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged, factual information about IBM's awareness that certain LzLabs's commercial advertisements or promotions are false.  IBM will not designate a witness for this Topic to testify about contentions or the legal consequences of any factual information.

**TOPIC NO. 27:**

Your awareness of any and all LzLabs's commercial advertisements or promotions that You contend are literally true but misleading and the factual basis, if any, for Your contention that any statements therein are literally true but misleading.

**RESPONSE TO TOPIC NO. 27:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client

privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM objects to this Topic as seeking legal conclusions regarding whether "LzLabs's commercial advertisements or promotions . . . are literally true but misleading."  IBM further objects to this Topic as seeking expert discovery from IBM in advance of the deadlines specified in the scheduling order.  IBM further objects to the extent that this Topic seeks information not in the possession of IBM.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged factual information about IBM's awareness that certain LzLabs's commercial advertisements or promotions are false.  IBM will not designate a witness for this Topic to testify about contentions or the legal consequences of any factual information.

**TOPIC NO. 28:**

The facts and circumstances concerning Your communications with any Third Party regarding LzLabs's commercial advertisements or promotions.

**RESPONSE TO TOPIC NO. 28:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks facts regarding IBM's communications with "any Third Party."

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of

detail as to non-privileged information related IBM's communications with any Third Party regarding LzLabs's commercial advertisements or promotions.

**TOPIC NO. 29:**

The factual basis, if any, for Your contention that LzLabs's allegedly false or misleading commercial advertisements or promotions harmed You.

**RESPONSE TO TOPIC NO. 29:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as seeking legal conclusions regarding harm caused to IBM by LzLabs' false and misleading commercial or promotions.  IBM further objects to this Topic as seeking expert discovery from IBM in advance of the deadlines specified in the scheduling order.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged, factual information about the harm IBM suffered as a result of LzLabs's false or misleading commercial advertisements or promotions.  IBM will not designate a witness for this Topic to testify about contentions or the legal consequences of any factual information.

**TOPIC NO. 30:**

The factual basis, if any, for Your contention that LzLabs and/or Wormhole sold, offered for sale, imported, and/or used the SDM in the United States.

**RESPONSE TO TOPIC NO. 30:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client

privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as seeking information outside of IBM's possession, custody or control. Indeed, LzLabs is best positioned to identify LzLabs and/or Wormhole's sales, marketing, importation, and/or use of the SDM in the United States, especially given LzLabs' limited production of information relating to its activities, including its marketing and customer engagement activities, in the United States. IBM further objects to the extent that this Topic seeks legal conclusions about the sale, offer for sale, importation, or use of the SDM in the United States.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows: IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged, factual information related to the sales, marketing, importation, and/or use of the SDM in the United States, to the extent such information is within IBM's possession, custody, or control. IBM will not designate a witness for this Topic to testify about contentions or the legal consequences of any factual information.

## TOPIC NO. 31:

The factual basis, if any, for Your contention that any product sold, licensed, leased, or otherwise distributed by or for You (including hardware, software, and combinations thereof) embodies or practices any Asserted Claim, including the identity of such product.

## RESPONSE TO TOPIC NO. 31:

IBM incorporates by reference its General Objections as if fully set forth herein. IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as seeking legal conclusions regarding "any product sold, licensed, leased or otherwise distributed" by IBM that "embodies or practices any Asserted

Claim."  IBM further objects to this Topic as seeking expert discovery from IBM in advance of the deadlines specified in the scheduling order.  IBM further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks an identification of "any product," including "hardware, software, and combinations thereof."

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged, factual information related to IBM's sales of any product that embodies or practices any Asserted Claim, to the extent any such product or information exists.  IBM will not designate a witness for this Topic to testify about contentions or the legal consequences of any factual information.

**TOPIC NO. 32:**

All products designed, developed, sold, or offered for sale in whole or in part by You or any licensee concerning the subject matter disclosed and/or claimed in any Asserted Patent.

**RESPONSE TO TOPIC NO. 32:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as seeking legal conclusions regarding "all products designed, developed, sold, or offered for sale in whole or in part" by IBM or any licensee "concerning the subject matter disclosed and/or claimed in any Asserted Patent."  IBM further objects to this Topic as seeking expert discovery from IBM in advance of the deadlines specified in the scheduling order.  IBM further objects to this Topic as vague and/or ambiguous with respect to the phrase "designed, developed, sold, or offered for sale."

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged, factual information related to IBM's sales of any product that embodies or practices any Asserted Claim, to the extent any such product or information exists.  IBM will not designate a witness for this Topic to testify about contentions or the legal consequences of any factual information.

**TOPIC NO. 33:**

The facts and circumstances, including whether and how, concerning Your commercialization of the claimed invention of each Asserted Patent, including without limitation the identity of all products and systems that practice or are capable of practicing any Asserted Claim, whether alone or in combination with other products or systems.

**RESPONSE TO TOPIC NO. 33:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as seeking legal conclusions regarding "all products and systems that practice or are capable of practicing any Asserted Claim."  IBM further objects to this Topic as seeking expert discovery from IBM in advance of the deadlines specified in the scheduling order.  IBM further objects to this Topic as vague and/or ambiguous with respect to the term "commercialization."

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged, factual information related to any product that embodies or practices

any Asserted Claim, to the extent any such information or product exists.  IBM will not designate a witness for this Topic to testify about contentions or the legal consequences of any factual information.

## TOPIC NO. 34:

Your knowledge and understanding of the features, functionality, and operation of ISV IBM z Systems Program Development Tool ("zPDT") (as referenced in, but not to be limited by, "ISV IBM zPDT Guide and Reference, available at redbooks.ibm.com/redbooks/pdfs/sg248205) and IBM Automatic Binary Optimizer ("ABO") (as referenced in, but not to be limited by, IBMLZTX0089666) from 2008 through present, including the complete factual basis for Your contention, if any, that zPDT and/or ABO do or do not embody or practice each Asserted Claim of the '289, '209, and '420 patents.

## RESPONSE TO TOPIC NO. 34:

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as seeking legal conclusions regarding whether "zPDT and/or ABO do or do not embody or practice each Asserted Claim of the '289, '209, and '420 patents." IBM further objects to this Topic as seeking expert discovery from IBM in advance of the deadlines specified in the scheduling order.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged, factual information related to the features, functionality, and operation

of zPDT and ABO.  IBM will not designate a witness to testify for this Topic about contentions or the legal consequences of any factual information.

**TOPIC NO. 35:**

Your knowledge and understanding of the features, functionality, and operation of the zPDT emulator, including without limitation the JIT dynamic compiler and the JIT operation employed by the zPDT emulator.

**RESPONSE TO TOPIC NO. 35:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as vague and/or ambiguous with respect to the terms "features, functionality, and operation" and "JIT operation employed by the zPDT emulator."

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged information related to the functionality of the JIT operations, including the JIT dynamic compiler, in zPDT.

**TOPIC NO. 36:**

Your knowledge and understanding of whether and how zPDT or programs optimized using the ABO invoke native library functions of a machine running zPDT or an optimized application.

**RESPONSE TO TOPIC NO. 36:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client

33

privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as vague and/or ambiguous with respect to the terms "programs optimized using the ABO" and "an optimized application."

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged information related to whether and how zPDT or programs optimized using the ABO invoke native library functions of a machine running zPDT or an optimized application.

**TOPIC NO. 37:**

Your awareness of any and all licensed IBM products that include zPDT or ABO and/or with which zPDT or ABO are licensed or distributed.

**RESPONSE TO TOPIC NO. 37:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks an identification of "any and all licensed IBM products" "that include zPDT or ABO and/or with which zPDT or ABO are licensed or distributed."

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged information related to licensed IBM products that include zPDT and ABO and/or with which zPDT or ABO are licensed or distributed.

**TOPIC NO. 38:**

The facts and circumstances under which and to whom IBM offers evaluation licenses for any of its products, including Enterprise COBOL V6 and ABO (see, e.g., IBMLZTX0089930).

**RESPONSE TO TOPIC NO. 38:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks—without limitation—"facts and circumstances under which and *to whom* IBM offers evaluation licenses for *any of its products*."  IBM further objects to this Topic as vague and/or ambiguous with respect to the term "evaluation licenses."

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged information related to IBM's evaluation licenses for Language Environment for z/OS version 2.5, CICS Transaction Server for z/OS versions 5.1 through 5.6, Enterprise PL/I for z/OS versions 4.1 through 4.5 and 5.1 through 5.3, and Enterprise COBOL for z/OS versions 3 through 6 and 6.3, and ABO.

**TOPIC NO. 39:**

The facts and circumstances under which IBM has and does distribute source code for COBOL, PL/I, CICS, LE, z/OS, IMS, and/or Db2 to customers or other Third Parties, including the identity of such products and systems, the timeframe(s) during which IBM distributed source code, and the identity of each recipient of IBM source code.

**RESPONSE TO TOPIC NO. 39:**

IBM incorporates by reference its General Objections as if fully set forth herein. IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requests IBM to identify "the identity of each recipient of IBM source code" notwithstanding, *e.g.*, whether such distribution was completed under a confidentiality agreement, or whether IBM's trade secrets could permissibly be ascertained by any Person other than IBM. IBM further objects to this request as overly broad, unduly burdensome, and oppressive to the extent that it seeks information from an unspecified and irrelevant timeframe.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows: IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged information, to the extent such information exists, related to IBM's distribution of source code for the specific IBM z/ software—*i.e.*, the specific versions and releases of programs—that Winsopia licensed.

## TOPIC NO. 40:

Your knowledge and understanding of Your treatment and distribution of source code and object code materials, including as discussed in IBMLZTX0091326.

## RESPONSE TO TOPIC NO. 40:

IBM incorporates by reference its General Objections as if fully set forth herein. IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks discovery of "treatment and distribution of source code and

object code materials" notwithstanding, *e.g.*, materials wholly irrelevant to any issue in this action, whether such distribution was completed under a confidentiality agreement, or whether IBM's trade secrets could permissibly be ascertained by any Person other than IBM.  IBM further objects to this request as overly broad, unduly burdensome, and oppressive to the extent that it seeks information from an unspecified and irrelevant timeframe.  IBM further objects to this Topic as vague and/or ambiguous with respect to the term "treatment."

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM is willing to meet and confer regarding this Topic.

**TOPIC NO. 41:**

The facts and circumstances, including the purpose, concerning Your publishing IBM publications, including publications distributed to the public, to Licensees, and/or via an IBM website, whether from the IBM Publications Center (see, e.g., IBMLZTX0025019) or otherwise, that relate to or disclose the items identified in Your Second Amended Preliminary Identification of Trade Secrets, including the circumstances under which those IBM publications are provided.

**RESPONSE TO TOPIC NO. 41:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity.  IBM further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks facts and circumstances regarding IBM publications relating to COBOL, PL/1, CICS, z/OS, IMS, and Db2 notwithstanding, *e.g.*, whether such publication was completed under a confidentiality agreement, or whether IBM's trade secrets could permissibly be ascertained by any Person other than IBM.  IBM objects to this Topic to the extent it calls for

37

information that is in the public domain and, therefore, of no greater burden for LzLabs than IBM to obtain.  IBM further objects to this Topic as an improper attempt by Defendants to contravene this Court's order by taking a second Rule 30(b)(6) deposition on the same or reasonably similar topics to the April 4, 2023 Rule 30(b)(6) deposition of Mark Anzani.  Dkt. 133 at 5 ("Defendants has been cautioned against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics.").

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:   IBM will not designate a witness for this Topic as it is duplicative of one or more topics in LzLabs' first 30(b)(6) notice (*e.g.*, Topic 8) and contravenes the Court's "caution[] against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics." Dkt. 133 at 5.

**TOPIC NO. 42:**

All efforts by You to acquire, assign, license, enforce, sell, or otherwise monetize any Asserted Patent.

**RESPONSE TO TOPIC NO. 42:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks an identification of "[a]ll efforts" by IBM to "acquire, assign, license, enforce, sell, or otherwise monetize" any Asserted Patent.  IBM further objects to the phrases "any efforts," and "acquire, assign, license enforce, sell, or otherwise monetize" as used in the request to the extent they are used in a manner that renders the request overbroad,

vague, or ambiguous, or requires subjective judgment and/or speculation on the part of IBM.  IBM further objects to this request as overly broad, unduly burdensome, and oppressive to the extent that it seeks information from an unspecified and irrelevant timeframe.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged information related to IBM's efforts to acquire, assign, license, enforce, sell, or otherwise monetize any Asserted Patent, to the extent any such information exists.

**TOPIC NO. 43:**

The facts and circumstances, including the amounts received by IBM with respect to the same, concerning any licenses, royalty agreements, and settlement agreements that You contend are economically, technologically, or otherwise comparable to a license or royalty agreement with respect to one or more of the Asserted Patents and/or one or more of the Purported Trade Secrets.

**RESPONSE TO TOPIC NO. 43:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as seeking expert discovery from IBM in advance of the deadlines specified in the scheduling order.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged, factual information related to any licenses, royalty agreements, or settlement agreements that IBM contends are economically, technologically, or otherwise comparable to a license or royalty agreement with respect to one or more of the Asserted Patents

and/or one or more of the Purported Trade Secrets.  IBM will not designate a witness for this Topic to testify about contentions or the legal consequences of any factual information.

**TOPIC NO. 44:**

The facts and circumstances, including the amounts received by IBM with respect to the same, concerning any license or settlement agreement concerning each Asserted Patent, including the date, parties, and terms of each such agreement.

**RESPONSE TO TOPIC NO. 44:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks facts regarding "any license or settlement agreement" concerning each Asserted Patent and a further identification of "the date, parties, and terms of each such agreement."

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged information related to any licenses or settlement agreements specifically identifying any Asserted Patent, to the extent any such agreement exists.

**TOPIC NO. 45:**

All efforts by You to comply with the marking requirements of 35 U.S.C. § 287, including identification of all products made, used, sold, or offered for sale by You or any licensee that embody or practice any Asserted Claim, and any marking or efforts to mark the patent numbers of the Asserted Patents on such products, software, system, product materials, websites, or otherwise.

**RESPONSE TO TOPIC NO. 45:**

IBM incorporates by reference its General Objections as if fully set forth herein. IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as seeking legal conclusions regarding "[a]ll efforts by You to comply with the marking requirements of 35 U.S.C. § 287." IBM further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks an identification of "all efforts" by IBM to comply with the marking requirements and a further identification of "all products" that embody or practice any Asserted Claim and "any marking or efforts to mark" on such products.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows: IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged, factual information related to IBM's marking of products that embody or practice any Asserted Claim, to the extent IBM is aware of any such product. IBM will not designate a witness for this Topic to testify about contentions or the legal consequences of any factual information.

**TOPIC NO. 46:**

The facts and circumstances concerning IBM's test and/or operation of the Hercules system including but not limited to IBM's use of the Hercules system in generating IBM Redbook sg244987 and any other execution of Hercules code by IBM, including the identity of the persons most knowledgeable about such test and/or operation.

**RESPONSE TO TOPIC NO. 46:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as vague and/or ambiguous with respect to the terms "IBM's test and/or operation" and "Hercules system."

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM is willing to meet and confer regarding this Topic.

**TOPIC NO. 47:**

Your knowledge, including the existence, of Your earliest product and/or system to embody each Purported Trade Secret, including the date on which you first sold, licensed, or otherwise distributed each such product or system.

**RESPONSE TO TOPIC NO. 47:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as seeking legal conclusions regarding IBM's "earliest product and/or system to embody each Purported Trade Secret."  IBM further objects to this Topic as seeking expert discovery from IBM in advance of the deadlines specified in the scheduling order.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged, factual information related to IBM's knowledge of IBM products or systems that embody the trade secrets at issue in this case.  IBM will not designate a witness for this Topic to testify about contentions or the legal consequences of any factual information.

**TOPIC NO. 48:**

Your understanding of and Your purpose for including the "Redistribution of Code" section in the Licensed Program Specifications for z/OS (see, e.g., IBMLZTX0007302) and any other Licensed Program Specification containing the same or substantially similar section, including:

    a.  its meaning;

    b.  the date of its first introduction;

    c.  any communications, discussions, or analyses related to its publication in other IBM documents; and

    d.  how the "Redistriction of Code" section "[l]imit[s] IBM's legal exposures" (see MCPHEE-002970).

**RESPONSE TO TOPIC NO. 48:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as seeking legal conclusions to the extent it requests IBM to explain the "meaning" and identify "analyses" and "how the 'Redistri[bution] of Code' section '[l]imit[s] IBM's legal exposures.'"  IBM further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks an identification of "any communications, discussions, or analyses" related to the inclusion of the "Redistribution of Code" section in IBM publications.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of

detail as to non-privileged, factual information related to the purpose behind the "Redistribution of Code" section in IBM's Licensed Program Specifications for z/OS that have been produced in this case.  IBM will not designate a witness for this Topic to testify about any understanding or meaning of, legal conclusions about, or contentions related to the "Redistribution of Code" section in IBM's Licensed Program Specifications for z/OS, nor will IBM designate a witness for this Topic to testify about any specific block of code and whether it falls within the scope of a "Redistribution of Code" section in any IBM Licensed Program Specification for z/OS.

**TOPIC NO. 49:**

Your understanding of the Licensed Program Specifications applicable to each version of COBOL, PL/I, LE CICS, IMS, Db2, z/OS, and any other aspects of Your systems that embody or contain any of the Purported Trade Secrets.

**RESPONSE TO TOPIC NO. 49:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as seeking legal conclusions to the extent it refers to "any of the Purported Trade Secrets" and "any . . . aspects of Your systems that embody or contain any of the Purported Trade Secrets."  IBM further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks an identification of "each version" of any aspect of IBM's systems that embody or contain any of the Purported Trade Secrets.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of

44

detail as to non-privileged, factual information related to the Licensed Program Specifications applicable to Language Environment for z/OS version 2.5, CICS Transaction Server for z/OS versions 5.1 through 5.6, Enterprise PL/I for z/OS versions 4.1 through 4.5 and 5.1 through 5.3, and Enterprise COBOL for z/OS versions 3 through 6 and 6.3, and z/OS versions 2.2 through 2.5. IBM will not designate a witness for this Topic to testify about any understanding or meaning of, legal conclusions about, or contentions related to those Licensed Program Specifications.

**TOPIC NO. 50:**

Your awareness, including the identity, of any Third Party (e.g., customer) programs, or modules thereof, that IBM customers are not permitted to distribute to Third Parties under Your Licensed Program Specifications applicable to each version of COBOL, PL/I, LE, CICS, IMS, Db2, and z/OS.

**RESPONSE TO TOPIC NO. 50:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks an identification of "any Third Party (e.g., customer) programs, or modules thereof" relating to "each version of COBOL, PL/I, LE, CICS, IMS, Db2, and z/OS."  IBM further objects to this Topic as an improper attempt by Defendants to contravene this Court's order by taking a second Rule 30(b)(6) deposition on the same or reasonably similar topics to the April 4, 2023 Rule 30(b)(6) deposition of Mark Anzani.  Dkt. 133 at 5 ("Defendants has been cautioned against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics.").

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged, factual information related to the Licensed Program Specifications applicable to Language Environment for z/OS version 2.5, CICS Transaction Server for z/OS versions 5.1 through 5.6, Enterprise PL/I for z/OS versions 4.1 through 4.5 and 5.1 through 5.3, and Enterprise COBOL for z/OS versions 3 through 6 and 6.3, and z/OS versions 2.2 through 2.5. IBM will not designate a witness for this Topic to testify about any understanding or meaning of, legal conclusions about, or contentions related to those Licensed Program Specifications.

**TOPIC NO. 51:**

Your contentions regarding the permissible and/or authorized manner(s) of distribution of Third Party (e.g., customer) programs containing or embodying (in whole or in part) Your compiler-only and/or link-edited runtimes.

**RESPONSE TO TOPIC NO. 51:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as seeking legal conclusions "regarding the permissible and/or authorized manner(s) of distribution" of Third Parties programs containing or embodying IBM's compiler-only and/or link-edited runtimes.  IBM further objects to this Topic as vague and/or ambiguous with respect to its request for an identification of "permissible and/or authorized manner(s) of distribution."  IBM objects to this Topic to the extent it calls for confidential and/or proprietary information of any individual or entity other than IBM.  IBM further objects to this Topic as an improper attempt by Defendants to contravene this Court's order by taking a second

46

Rule 30(b)(6) deposition on the same or reasonably similar topics to the April 4, 2023 Rule 30(b)(6) deposition of Mark Anzani.  Dkt. 133 at 5 ("Defendants has been cautioned against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics.").

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will not designate a witness for this Topic as it is duplicative of one or topics in LzLabs' first 30(b)(6) notice (*e.g.*, Topic 10) and contravenes the Court's "caution[] against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics." Dkt. 133 at 5.

**TOPIC NO. 52:**

Your awareness of any restrictions or limitations on the dissemination or distribution of Third Party (e.g., customer) programs that include Your compiler-only or link-edited runtimes.

**RESPONSE TO TOPIC NO. 52:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as seeking legal conclusions regarding IBM's "restrictions or limitations on the dissemination or distribution" of Third Parties programs containing or embodying IBM's compiler-only and/or link-edited runtimes.  IBM objects to this Topic to the extent it calls for confidential and/or proprietary information of any individual or entity other than IBM.  IBM further objects to this Topic as an improper attempt by Defendants to contravene this Court's order by taking a second Rule 30(b)(6) deposition on the same or reasonably similar topics to the April 4, 2023 Rule 30(b)(6) deposition of Mark Anzani.  Dkt. 133 at 5 ("Defendants has

been cautioned against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics.").

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will not designate a witness for this Topic as it is duplicative of one or topics in LzLabs' first 30(b)(6) notice (*e.g.*, Topic 10) and contravenes the Court's "caution[] against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics." Dkt. 133 at 5.

**TOPIC NO. 53:**

Your knowledge of all Third Parties to whom you provided, disclosed, showed, shared, illustrated, and/or explained any aspect of the Purported Trade Secrets.

**RESPONSE TO TOPIC NO. 53:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as seeking legal conclusions regarding disclosure of IBM's trade secrets.  IBM further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks facts regarding "all Third Parties" that IBM "provided, disclosed, showed, shared, illustrated, and/or explained any aspect of the Purported Trade Secrets."  IBM objects to this Topic to the extent it calls for confidential and/or proprietary information of any individual or entity other than IBM.  IBM further objects to this Topic as an improper attempt by Defendants to contravene this Court's order by taking a second Rule 30(b)(6) deposition on the same or reasonably similar topics to the April 4, 2023 Rule

30(b)(6) deposition of Mark Anzani. Dkt. 133 at 5 ("Defendants has been cautioned against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics.").

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows: IBM will not designate a witness for this Topic as it is duplicative of one or more topics in LzLabs' first 30(b)(6) notice (*e.g.*, Topic 8) and contravenes the Court's "caution[] against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics." Dkt. 133 at 5.

**TOPIC NO. 54:**

Your awareness of each of Defendants' statements that You contend violated the Lanham Act.

**RESPONSE TO TOPIC NO. 54:**

IBM incorporates by reference its General Objections as if fully set forth herein. IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM objects to this Topic as it calls for legal conclusions as to which of Defendants' "statements" "violated the Lanham Act."

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows: IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged, factual information related to approximately when IBM became aware of false, deceptive, and/or misleading statements by Defendants regarding the SDM. IBM will not designate a witness for this Topic to testify about contentions or the legal consequences of any factual information.

**TOPIC NO. 55:**

49

Your earliest awareness of each prior art reference and system identified in Defendants' Final Invalidity Contentions.

**RESPONSE TO TOPIC NO. 55:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as seeking legal conclusions concerning "prior art reference and system."  IBM further objects to the extent this Topic seeks a legal conclusion as to which of Defendants' references or systems constitutes prior art.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged information, factual related to IBM's earliest awareness of each purported prior art reference and system identified in Defendants' Final Invalidity Contentions, to the extent such information is within IBM's possession, custody, or control.  IBM will not designate a witness for this Topic to testify about contentions or the legal consequences of any factual information.

**TOPIC NO. 56:**

Your understanding of and contentions regarding which aspects of IBM's Mainframe System are proprietary and that You contend Defendants have misappropriated.

**RESPONSE TO TOPIC NO. 56:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity.

IBM further objects to this Topic as seeking legal conclusions "regarding [proprietary] aspects of IBM's Mainframe System" that IBM "contended Defendants have misappropriated."

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will not designate a witness for this Topic as it is duplicative of one or more topics in LzLabs' first 30(b)(6) notice (*e.g.*, Topic 1) and contravenes the Court's "caution[] against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics." Dkt. 133 at 5.

**TOPIC NO. 57:**

Your corporate relationship with IBM UK, including Your ability to formulate, direct, or control IBM UK's operations, management, or policies.

**RESPONSE TO TOPIC NO. 57:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as vague and/or ambiguous with respect to the terms "formulate, direct, or control" and "operations, management, or policies."  IBM objects to this Topic to the extent it seeks legal conclusions about IBM's direction or control of IBM UK.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged, factual information related to IBM's corporate relationship with IBM UK.  IBM will not designate a witness for this Topic to testify about contentions or the legal consequences of any factual information.

**TOPIC NO. 58:**

Your knowledge of any and all lines of business, specific product lines, and other sources of revenue that You contend are or will be impacted by the sale of the SDM, and the costs, revenues, and profits associated with those lines of business, specific product lines, or other sources of revenue.

**RESPONSE TO TOPIC NO. 58:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as seeking legal conclusions concerning harm to IBM as a result of Defendants' misappropriation of IBM's trade secrets.  IBM further objects to this Topic as seeking expert discovery from IBM in advance of the deadlines specified in the scheduling order. IBM further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks an identification of "all lines of business, specific product lines, and other sources of revenue."

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged information related to this topic.

**TOPIC NO. 59:**

Your costs, revenues, and profits from IBM's Mainframe System usage, including MIPS or any other measure of usage.

**RESPONSE TO TOPIC NO. 59:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client

privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks facts regarding "costs, revenues, and profits from IBM's Mainframe System usage." IBM further objects to this Topic as vague and/or ambiguous with respect to the terms "costs, revenues, and profits from IBM's Mainframe System usage" and "MIPS or any other measure of usage."

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:   IBM is willing to meet and confer regarding this Topic.

**TOPIC NO. 60:**

For each of the Asserted Patents, Your knowledge of:

   a.   The cost of the research and development;

   b.   Associated profit margin and costs; and

   c.   Sales, revenue, and cost forecasts.

**RESPONSE TO TOPIC NO. 60:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic as vague and ambiguous.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity.  IBM further objects to this Topic to the extent it seeks information that is not in IBM's possession, custody, or control, including but not limited to information regarding the research and development of any patents that were not assigned to IBM until after their issuance.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM is willing to meet and confer regarding this Topic.

**TOPIC NO. 61:**

Your development and operation of the source code for COBOL, PL/I, LE, CICS, IMS, Db2, and z/OS systems, including the source code produced in this case.

**RESPONSE TO TOPIC NO. 61:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:   IBM is willing to meet and confer regarding this Topic.

**TOPIC NO. 62:**

The factual basis for the authenticity of IBM documents produced in this lawsuit or available from an IBM online website or resource and relating to COBOL, PL/I, LE, CICS, IMS, Db2, and z/OS.

**RESPONSE TO TOPIC NO. 62:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:   IBM is willing to meet and confer regarding this Topic.

**TOPIC NO. 63:**

Your knowledge and the factual bases, if any, concerning Your responses to written discovery, including Your responses to Requests for Production, Interrogatories, and Requests for Admissions.

**RESPONSE TO TOPIC NO. 63:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic on the basis that it seeks information related to responses to Requests for Admission, but Defendants have not served any such requests.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity.  IBM further objects to this Topic as seeking legal conclusions.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to the non-privileged information related to IBM's responses to Interrogatories.

**TOPIC NO. 64:**

The factual basis, if any, for Your contention, as stated in Your Notice of Deposition of LzLabs Pursuant to Federal Rule of Civil Procedure 30(b)(6), "that Winsopia's analysis of IBM's Mainframe System, disclosure of information about IBM's Mainframe System to [LzLabs], and the acquisition of such information by [LzLabs], were [not] permitted by any law, including the United Kingdom's Copyright[,] Designs and Patents Act of 1988, Directive 2009/24/EC of the European Parliament and of the Council of 23 April 2009 on the legal protection of computer programs, and the Council Directive 91/250/EEC of 14 May 1991 on the legal protection of computer programs."

**RESPONSE TO TOPIC NO. 64:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity.

IBM further objects to this Topic as seeking legal conclusions concerning Defendants' misappropriation of IBM's trade secrets. IBM further objects to this Topic as seeking expert discovery from IBM in advance of the deadlines specified in the scheduling order. IBM further objects to this Topic to the extent that LzLabs seeks to shift the burden of proof on its asserted defenses that rely on the Software Directive to IBM. IBM further objects to this Topic as seeking information not in IBM's possession, custody, or control.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will not designate a witness for this Topic as it is duplicative of one or more topics in LzLabs' first 30(b)(6) notice (*e.g.*, Topic 4) and contravenes the Court's "caution[] against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics." Dkt. 133 at 5.

**TOPIC NO. 65:**

The factual basis, if any, for Your contention, as stated in Your Notice of Deposition of LzLabs Pursuant to Federal Rule of Civil Procedure 30(b)(6), "that [LzLabs'] analysis of IBM's Mainframe System was [not] permitted by any law, including the United Kingdom's Copyright[,] Designs and Patents Act of 1988, Directive 2009/24/EC of the European Parliament and of the Council of 23 April 2009 on the legal protection of computer programs, and the Council Directive 91/250/EEC of 14 May 1991 on the legal protection of computer programs."

**RESPONSE TO TOPIC NO. 65:**

IBM incorporates by reference its General Objections as if fully set forth herein. IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as seeking legal conclusions concerning Defendants'

misappropriation of IBM's trade secrets.  IBM further objects to this Topic as seeking expert discovery from IBM in advance of the deadlines specified in the scheduling order.  IBM further objects to this Topic to the extent that LzLabs seeks to shift the burden of proof on its defenses to IBM.  IBM further objects to this Topic as seeking information not in IBM's possession, custody, or control.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will not designate a witness for this Topic as it is duplicative of one or more topics in LzLabs' first 30(b)(6) notice (*e.g.*, Topic 4) and contravenes the Court's "caution[] against attempting to take a second 30(b)(6) deposition on the same or reasonably similar topics." Dkt. 133 at 5.

**TOPIC NO. 66:**

Your efforts to preserve potentially relevant information in connection with this lawsuit, including the date on which you issued any litigation hold notice.

**RESPONSE TO TOPIC NO. 66:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity.

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged information related to this topic, to the extent such information is within IBM's possession, custody, or control.

**TOPIC NO. 67:**

The non-custodial repositories used by IBM, including the types of information regularly stored in those data repositories.

**RESPONSE TO TOPIC NO. 67:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as vague and/or ambiguous with respect to the term "non-custodial repositories."

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged information related to this topic, to the extent such information is within IBM's possession, custody, or control.

**TOPIC NO. 68:**

The data and/or document repositories that You reviewed, accessed, and/or searched in connection with Defendants' Requests for Production in this Action.

**RESPONSE TO TOPIC NO. 68:**

IBM incorporates by reference its General Objections as if fully set forth herein.  IBM further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, or immunity. IBM further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks an identification of repositories that IBM "accessed" in connection with Defendants' Requests for Production in this Action.  IBM further objects to this Topic as vague and/or ambiguous with respect to the term "data and/or document repositories."

Subject to and without waiver of the foregoing general and specific objections, IBM responds as follows:  IBM will designate one or more witnesses to testify at a reasonable level of detail as to non-privileged information related to this topic, to the extent such information is within IBM's possession, custody, or control.

Dated: February 13, 2024                    Respectfully submitted,

                                            */s/ Adam Steinmetz*

                                            **THE DACUS FIRM, P.C.**
                                            Deron R. Dacus
                                            Texas Bar No. 0790553
                                            ddacus@dacusfirm.com
                                            821 ESE Loop 323, Suite 430
                                            Tyler, TX 75701
                                            Phone: (903) 705-1117

                                            John M. Desmarais (admitted *pro hac vice*)
                                            Steven M. Balcof (admitted *pro hac vice*)
                                            Jordan Owens (admitted *pro hac vice*)
                                            **DESMARAIS LLP**
                                            230 Park Avenue
                                            New York, NY 10169
                                            Telephone: 212-351-3400
                                            Facsimile: 212-351-3401
                                            jdesmarais@desmaraisllp.com
                                            sbalcof@desmaraisllp.com
                                            jowens@desmaraisllp.com

                                            Justin P.D. Wilcox (admitted *pro hac vice*)
                                            Adam Steinmetz (admitted *pro hac vice*)
                                            Sumeet Dang (admitted *pro hac vice*)
                                            Peter Zhu (admitted *pro hac vice*)
                                            **DESMARAIS LLP**
                                            1899 Pennsylvania Avenue, Suite 400
                                            Washington, D.C. 20006
                                            Telephone: 202-451-4900
                                            Facsimile: 202-451-4901
                                            jwilcox@desmaraisllp.com
                                            asteinmetz@desmaraisllp.com

59

sdang@desmaraisllp.com
pzhu@desmaraisllp.com

*Counsel for Plaintiff*
*International Business Machines Corporation*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via electronic mail on February 13, 2024.

*/s/ Adam Steinmetz*
Adam Steinmetz (admitted *pro hac vice*)
**DESMARAIS LLP**
1899 Pennsylvania Avenue, Suite 400
Washington, D.C. 20006
Telephone: 202-451-4900
Facsimile: 202-451-4901
asteinmetz@desmaraisllp.com

*Counsel for Plaintiff*
*International Business Machines Corporation*